Mr. Lee can you hear me? I can ma'am. Very good. Mr. Henson can you hear me? I think your but just to be sure. Yes ma'am I can. I'm sorry. Thank you. Your honor we're good to go. All right. Mr. Lee please begin. Thank you judge. May it please the court. I'm Matt Lee. I represent the next two appellates before this court. In both cases it's obvious that these two individuals and pardon me judge Benton you may not agree with my phrasing but they were arrested by a dirty cop in Justin Wooten. This this officer has been given the benefit of the doubt on disputed factual issues and he's been granted immunity by the respective trial courts. In this particular case we know that he is completely willing to make up evidence and lie. He's made up a significant amount of facts. That's obvious from just starting with the alcohol influence report that officer Wooten filled out. There are at least five misrepresentations on that one document alone. He continues on with the probable cause affidavit that he filled out in relation to Miss Kuessner where he states that as part of his probable cause to make the arrest he knew that she was alone and he knew that she had operated her Chevrolet Tahoe. We know those things are not true. Well counsel let me interrupt you because we have a video in this case too and I know it's short but but you you can't doubt the authenticity of that correct? Authenticity of the video? No your honor. Yeah well from that video that he does not ask her are you alone? He does not ask her are you with the other gentleman that is in the lobby there? He does not ask her is there somebody else out in the vehicle? Did you even drive here? He doesn't even know that. Yeah he has keys in the hands. The keys are plainly visible. He says the smell of alcohol. Keep going. Yes your honor. She has keys in her hand. He has no idea what they're for. I mean presumably they could be for a vehicle but you know I just drove along ways with my wife she didn't drive a lick but she had her keys with her the entire time so that is not substantial evidence showing that she was operating a vehicle and we also know that that just was not part of his analysis whenever he was making his probable cause and we know that because we asked him in his deposition sir what was your probable cause to make the arrest and he outlined that for us very clearly and he only listed four things he listed refusal of the pbt the admission of drinking smell of alcohol and bloodshot eyes that was his probable cause we asked him that and that's what he stated he never said anything about the operation of the motor vehicle so you know by his own testimony he did not consider that fact and if you just look at the probable cause affidavit that he that he drafted later he didn't say anything about her holding a set of keys he didn't know how she got there all he knew whenever he went out to the lobby prior to meeting her is that there was a female in the lobby for mr wood that's all he knew so he's making some pretty large leaps at that point on that operation portion of the vehicle well counsel had he seen her in the parking lot earlier no your honor he didn't know anything about her whatsoever no no no not parking lot then but the parking lot hours earlier i understand it's hours earlier when uh uh mr i'll get the name sorry next case mr wood mr wood was there no your honor initially the two uh miss houster and mr wood were were riding out in the county going home they were pulled by a deputy named toby haynes uh toby haynes then interacted with them he brought mr wood back to the station and he sent miss houster on her way after about a five minute interaction where he had zero suspicions of intoxication he didn't smell anything didn't see blood child eyes or anything like that sent her to go get a money order for the municipal violation and then she arrived back at the station and that's the very first time she was at the station and that's the very first time mr wooten had any contact with her whatsoever he did not see her pull up there he did not yeah didn't didn't mr wooten see both of them i'm getting at the prior incident when they when woods brought in wooten uh greets them in the parking lot they're both there at that time right no no that's incorrect your honor okay thank you mr haynes brought mr wood only back to the scott county jail and that is where mr wooten was waiting but at that time miss houster was not present okay and now uh of course the arresting officer haynes had talked to to wooten correct uh yes your honor he advised that he had pulled over mr wood who was sean wood's husband who was the right secretary in the jail who was you know having the affair with the sheriff that's all he knew but he did not know her name uh he did not know if that was the same individual who showed back up at the jail to collect mr wood he had he had no information other than there was a female in the lobby prior to going into the lobby in that 20 seconds uh that that he then makes the arrest you think within the collective knowledge of the police they didn't know that the two superintendents were having the affair and were there earlier the evening together i'm sorry say that one more time judge okay because as you know there's a doctrine called collective knowledge of the of the police you're aware of that sure and just we can rely on the information that was relayed to him by other officers without a doubt um i don't think the law says that that he can rely on that information after the fact um whenever making that arrest i don't think there's a case out there that directs us to do that um so going back to your original question no he had no information other than what he saw in that 20 seconds whenever he and at that point in time just you know she was arrested for driving while intoxicated there is zero evidence of intoxication uh that is evident from the video if the court counts counsel counsel you said zero evidence of intoxication yes judge now don't wait you've read the missouri supreme court cases refusing the breathalyzer is evidence of intoxication that is black little law in missouri well your honor the test is not whether or not a person has consumed alcohol the case is hold that the test is whether or not the person is impaired from that consumption of alcohol it's all it's legal to drink a beer and get in a vehicle and drive i will smell like alcohol at that point so i'm talking about no evidence of actual intoxication impairment that's what he doesn't have he's got now listen listen you and i are communicating because i i you know there are all kinds of cases on this and and refusing the breathalyzer test is evidence of intoxication in missouri right solely by itself your honor oh yeah usually there's a lot of each of these there's generally some sort of slurred speech stumbling lack of motor functions something that evidences impairment i don't believe there's a that says a refusal of the portable breath test is automatically intoxication it says it's evidence of intoxication but it's always coupled with evidence of impairment but proceed with your argument well and just looking at the at the video itself there is no evidence of actual impairment with miss kuster her speech is clear she's not stumbling she's not tripping over her words or anything of that nature i think the video is clear i really want to focus on the operation of the vehicle portion of this which we've touched on briefly prior to that just looking out at the missouri case law that exists we're nowhere near any evidence supporting probable cause or even arguable probable cause that justin wooten had enough information to determine that she operated a vehicle well what about what was impressive here to the district judge we all know benton is a county seat with 800 people or something and the nearest metropolis of sykestan down the interstate is 20 minutes away and that's the nearest place you can do about anything you and i all we all know that so so doesn't that play in here and it didn't matter judge flesig appeared to be swayed by that well i think she's setting a bad standard if that's the case she's setting a standard that's going to be different on whatever information may be required if you're in the city of st louis versus benton missouri you know about that parking lot in benton missouri holding a beer and i have a set of keys in my hand under her analysis i can be arrested for dwi at that point because i'm going to smell like beer i will be obviously admitting having a drink and i'll be holding a set of keys but that doesn't mean i i drove there and he's not allowed to speculate and at best that's what he's doing however i think the record makes it evidence he has an intent here otherwise he wouldn't have to lie about all these other things that he did which i think is problematic too but but what's more all of those non-driving cases that have come down in the state of missouri they all have a substantial amount of additional evidence contained within them that show there was an operation of a vehicle and specifically i'd refer the court to the dizelle versus lowman case i cited in brief which is a non-driver case that in a dwi where they're analyzing probable cause and that court states an arresting offer officer does not need to see a person driving to arrest for driving while intoxicated circumstantial evidence can supply the elements of driving and while when driving is not observed and the engine is not running in cases such as the instant one where the officer did not observe the additional evidence of driving and the connection of driving while intoxicated must be shown and if the if the court reviews the non-driving intoxication or dwi cases it's obvious that there's always so much evidence around the operation of the motor vehicle that it's it's usually somebody who's passed out in a vehicle in a wrecked car in the middle of the road beer cans everywhere they get out their speech is slurred it's a witness saying i saw that guy drive that vehicle and he was found to be intoxicated shortly thereafter it's a manager of a bar coming out and shutting off the engine of a car from a drunk guy and relaying that to a police officer there's nothing yes what's the what's the implication of miss kusner announcing upon coming in with the keys in her hand that she's there to pick up mr wood well could could could that be uh some inference that that she's the the uh has operated a vehicle for the express purpose of departing in it um i think they're with the go ahead i think they're to pick up mr wood is a far cry from i drove here to pick up mr wood again she could have lived down the street from benton and walked over to pick him up a friend to collect him she could have gotten a ride there from a friend and hopped out of that car while her friend stays in the vehicle she could have rode with the other gentleman that was in the lobby that we're getting to the realm of speculation which he's not allowed to do to make his probable cause um and and we just don't we don't know how or justin wooten did not know how she arrived there or whether or not she she got a ride or or anything of that nature he's just guessing does he have to have probable cars cause or only arguable probable cause he only has to have arguable probable cause your honor but the body of case law that constitutes what actually is operation of the vehicle whenever you do not see somebody drive says there has to be substantial evidence placing her behind the wheel of the vehicle and operating that vehicle and your honors i'd like to reserve the remainder of my time for the for the rebuttal if possible thank you mr lee mr henson if you're prepared please proceed may it please the court my name is keith henson and i represent the appellee in this case deputy justin wooten this is a case that miss kuster bought a single cause of action alleging that her arrest for driving while intoxicated by deputy wooten violated her rights under the fourth amendment because it was without probable cause based upon the undisputed facts the district found that deputy wooten was entitled to qualified immunity because he had at least arguable probable cause and because the law was not clearly established that his arrest of her would violate her rights under the fourth amendment contrary to what mr lee has said and i think it's sad that he says it that deputy wooten is a dirty cop there is no undisputed facts in this record that before miss kusner's arrest that he did anything that was wrong or inappropriate and the analysis by this court to sustain the district court's finding of qualified immunity should be based upon the fact of the undisputed facts before miss kusner's arrest and anything after her arrest is simply irrelevant and raised for no reason in this case the court should analyze qualified immunity based upon the standard two questions one did the arrest violate her constitutional rights and two was it clearly established that her arrest at that time based upon what deputy wooten knew violated her constitutional rights the answer to both of the questions the district court found is no probable cause exists if the facts and circumstances are sufficient for a reasonable officer to believe that an individual has committed a crime that officer gets substantial latitude in drawing inferences and reasonable inferences from the facts as he knows them prior to the arrest excuse me mr henson the the crime at issue is driving while intoxicated and as i understand missouri law there's a requirement of evidence of impairment uh what was the evidence of impairment uh that provided a basis for at least arguable probable cause your honor unfortunately your statement is incorrect under missouri law missouri law at the time of this arrest on october 23rd of 2016 had no requirement for impairment as part of a probable cause finding to arrest an individual for driving while intoxicated that came out of a case in the western district roca versus the director of it was based upon what the court cited to the supreme court of missouri in a in the schroeder case and the supreme court did not decide that but at the time of this arrest no requirement for impairment no requirement that that was required to have arguable probable cause in this case counsel there has to be evidence of intoxication right that is correct your honor yeah that's the that is correct and there was evidence of both that was undisputed in this particular case as the court has noted there is a body cam video deputy wooten took that video of his encounter with miss kushner and in that video it's significant for a couple of reasons when she came to the scott county jail she walked in by herself with a set of keys in her hand punched the intercom told the clerk she was there to pick up mitch wood that information was told to deputy wooten by the clerk at the jail he then proceeds to the lobby and he proceeds to ask her some questions he says to her since he's been arrested for drunk driving then i have to release him to a sober driver have you been drinking the response yes i've had a couple of drinks he then says to her well then would you take a portable breathalyzer you blow 0.08 you're good she looks at him and says no i decline he then determines in his mind she smells of alcohol she has bloody bloodshot glassy watery eyes and he tells her she's under arrest and as he's arresting her he tells her you drove here you smell of alcohol your eyes are bloodshot watery and glassy and you've admitted to drinking and she says yes sir she also says more importantly to confirm his reasonable conclusion that she drove there the keys are to my car he draws a reasonable conclusion which he's allowed to do that she operated a vehicle to get to the jail he also draws a reasonable conclusion which he is allowed to do that she is intoxicated based on she admits drinking she smells like alcohol she refuses the pbt and under missouri law those are all indicia of being intoxicated and there is no bright line test no bright line rule under missouri law as to what it actually takes for probable cause to be found to be driving and operating a vehicle or to be found to be intoxicated the cases are all over the board but it is clear that in missouri this type of evidence would be reasonable because the courts of juries say you should decide the case based upon the circumstances as the officer finds it before the arrest and that is exactly what happened in this case and the cases as far as indicia of intoxication they range all the way from Saladino versus the director of revenue found a smell of alcohol alone was enough for probable cause the other cases find anywhere from two to four indicia of intoxication is enough for in this case deputy wilton had four key levels of intoxication the indicia of intoxication it was reasonable for him to find that he had one probable cause to arrest her for driving while intoxicated and two if he didn't have probable cause all it takes for qualified immunity is cause arguable probable cause what that means is if the officer is mistaken about his finding of probable cause in his mind then he has arguable probable cause if that mistake is objectively reasonable well clearly in this case any mistake the deputy might have made based upon the facts i've relayed them to the court would have been objectively reasonable giving him at least arguable probable cause that miss kushner had operated a vehicle and miss kushner was intoxicated when she did so to support this chart the answer to the first prong of qualified immunity is no he didn't violate her constitutional rights in the arrest and that should end the inquiry because he had probable or at least arguable probable cause but as the district court found the answer to the second prong is also no he didn't violate her clearly established rights everything that mr lee has argued here today that i disagree with of course that we have briefed quite extensively in the brief but one thing i would point out that mr lee has not done he has not pointed this court to one single case in missouri or in the federal judiciary that would find based upon these undisputed facts as i've relayed to the court that deputy wooten's decision to arrest miss kushner violated her fourth amendment constitutional rights and he was on notice that arresting her would be a violation of her constitutional rights the burden is on miss kushner to establish that for the court that has not been done in this case and it's not been done for one simple reason no case exists to be clearly established law there must be a rule that is set forth in authority there must also be a persuasive amount of authority a robust consensus of authority to find that in fact the rule is settled authority there are no cases that would have told or put deputy wooten on notice that his arrest violated miss kushner's constitutional rights as i've already told the of intoxication none of those cases say it takes one it takes two it takes three it takes four they say that you have to look at the facts and circumstances of the case there are cases that talk about very few that talk about operating a vehicle when they're not at least close to a vehicle and in fact i don't think there are any like this case at all to give deputy wooten some notice that her arrest would have violated her constitutional rights the district court judge found that over and over again because it is true the law based upon these factual circumstances and that's what the court must look at simply put was not clearly established at the time of established problem is no also it only takes one no to give deputy wooten qualified immunity but in this particular case he asked qualified immunity because the undisputed facts established what i put forth to the court to briefly address the motion to amend and the motion for the court to reconsider the judgment that was filed about three month or three months three weeks after the summary judgment was granted that motion contained what miss kushner claimed to be new evidence but a simple review of that motion will tell the court that wasn't new evidence that was evidence that miss kushner knew before the summary judgment record closed and they didn't supplement that record but more importantly that purported new evidence did not change the undisputed predicate facts that gave deputy wooten qualified immunity nothing about those facts changed any of the court's interpretation of those undisputed facts the closest miss kushner came was trying to dispute the fact that deputy wooten smelled alcohol on her breath she cited testimony of toby haynes the officer that had originally stopped mitch wood when miss kushner was a passenger in that vehicle three hours before deputy wooten encountered her to support that denial well that doesn't dispute that fact something that happened three hours before deputy wooten encountered her in the lobby of the scott county jail that doesn't dispute that at all deputy wooten testified he smelled alcohol on her breath it was and the district court pointed it out a faint smell of alcohol no question about that but he smelled it and in fact miss kushner even testified in her deposition it was possible she had a smell of alcohol on her breath so none of that disputed that deputy wooten smelled alcohol but even if it did let's assume arguendo that it did there was still three indicia of intoxication left she admitted to having a couple of drinks drinking alcohol she declined the portable breathalyzer test and her eyes were bloodshot watery and glassy a fact that she admits and she admits the other things which are also confirmed in the body cam video that was sufficient for officer wooten to at least draw an arguable thought in his head for arguable probable cause that she was intoxicated because it was a reasonable objectively reasonable inference for him to draw the only other thing that's argued in the motion to amend are things that happened after miss kushner's arrest which are not relevant to the probable cause determination that determination is based upon the undisputed predicate facts to her arrest not what happened after her arrest that is irrelevant and in fact the credibility arguments about deputy wooten which i guess formed the basis for him being a quote-unquote dirty cop have nothing to do with that probable cause determination because credibility is not involved in that determination because his subjective reasons his allegedly ulterior motives have nothing to do with that factual probable cause determination in fact any motive will not initiate a lawful arrest if it's based upon lawful objective facts which this arrest was based upon the undisputed facts in this case the court should affirm the district court's judgment and find that deputy wooten is entitled to qualified immunity because he had at least arguable probable cause for the arrest and because the arrest did not violate clearly established law thank you thank you mr layden all right mr lee your rebuttal your honor is the the reason the supplementation of the record was requested was not to just disparage mr wooten it was to show the court that that this is a guy that can't answer truthfully to questions without having to go to the penitentiary and that really casts a shadow over all of his observations including the smell of alcohol that he claims he smelled and the observation of bloodshot eyes if if the jury hears that this guy can't answer questions and has to take the fifth amendment they're probably not likely to believe he actually made those observations so if you take those away then you have a refusal of a pbt and you have the admission to having a couple of drinks but we don't know if those drinks were at 5 p.m with dinner or right before she walked in and at that point there's really absolutely no evidence of impairment whatsoever that's that's why why was why was this newly discovered considered or motioned as newly discovered evidence it was discovered in the other case judge we always assumed that he had forged this but whenever he was asked directly in the other case in december of 2018 and he took the fifth amendment about whether or not he's forging evidence in this concerning the facts related to this case i got that deposition back i think december 18th i didn't see the deposition until the 19th and unfortunately i had some christmas obligations and then i was going to supplement the record and then on the 26th the court ruled on summary motion that that's the time frame of whenever we discovered that that you know he couldn't answer questions truthfully uh so that's you know we try to do that as quickly as could as as my schedule could allow um the other thing i want to address is mr henson talked to the court about the fact that she's agreeing i guess he's he's saying that she drove there or that agreeing that she had keys to her car in her hand uh yet counsel also wanted to harp on the fact that we can't consider anything happened after the arrest and all of that interaction concerning the keys was clearly after the arrest so the court cannot consider that as going into mr wooten's probable cause of termination lastly quickly i want to point to the fact that counsel just advised this court saladino case relied on the fact solely of the smell of intoxicants for impairment that's just absolutely not the case in that case the officer observed the person being combated uncooperative sleepy almost not coherent slurred speech there was many many factors in that case and it was not simply just smell of intoxicants if there are any other questions i'd be more than happy to answer them for the court sorry i don't see any questions that being the case the court will take the case under and court gives counsel we want to thank you for coming and participating by this virtual forum and providing input to us to help us resolve the issues in this case